ETHEL M. TOLSON, Plaintiff, v. CHARLES H. FORAKER, JR., and GERTRUDE HAINES FORAKER, his wife, Defendants.

(*July* 16, 1963.)

LYNCH, J., sitting.

*Murray M. Schwartz* (of Longobardi and Schwartz) for Plaintiff.

*B. Wilson Redfearn* (of Prickett and Prickett) for Defendants.

Superior Court for New Castle County, No. 67, Civil Action, 1963.

LYNCH, Judge.

This is an action to recover damages for personal injuries sustained by plaintiff as a result of alleged negligence on defendants' part.

The important facts are these. Plaintiff alleges in her complaint that she was injured in falling down a flight of stairs in defendants' apartment house, located in the town of New Castle. She charges that her fall was caused by some worn and frayed carpeting at or on the landing on the second floor and that caused her fall. Defendants deny liability.

The plaintiff has propounded an interrogatory to the defendants in which she requests information from defendants as to the existence of certain documents that pertain to financial and/or profit and loss statements made by the defendants, concerning the operation of the apartment house—probably appearing in Income Tax Returns filed by defendant. The defendants have objected to this interrogatory.

The interrogatory is in the following language:

"16. State whether defendant made up any operating financial statements and/or profit and loss statements, including but not limited to schedules for Federal Income Tax purposes of the profit and/or loss for the operation of the premises known as 34 West Fifth Street, New Castle, Delaware, for any and all of the years 1958, 1959, 1960 and 1961. If such statements or schedules were made up,

state the years for which they were made up and purpose for which they were made and the identity and address of the individual who has possession of such statement and schedule."

Defendants' objection to this interrogatory is that it is irrelevant to the subject matter of this case since they assert this suit is concerned with injuries sustained as the result of the alleged negligence of the defendants in failing to properly maintain the common hallways of their apartment building, and the interrogatory is not related to that negligence, its causation, or the damages concerned therewith.

No doubt exists but that under the Rule an objection based on the irrelevancy of information requested by an interrogatory should be sustained—if it appears that the information sought is not relevant or material to the subject matter of the case or would not be reasonably calculated to lead to the discovery of admissible evidence. Superior Court Rule 26(b), *Del. C.* Interrogatories must have some bearing on the subject matter of the action or the issues of the suit. *Tinker & Rasor v. Pipeline Inspection Company,* 16 F.R.D. 465 (Mo.1954).

Plaintiff points to certain depositions she has taken of the defendants and contends that the defendants have given irreconcilable testimony concerning the condition of the carpeting. The probable object of the plaintiff is the opportunity to examine depreciation items and schedules, and items relating to the maintenance by defendants of their apartment, likely to be found in schedules usually made a part of the returns; plaintiff possibly seeks to learn when the carpeting was bought and what expense, if any, was claimed as deductions in the returns regarding it—or the lack of maintenance—and relating to the care and maintenance of the carpet as well as to the apartment generally.

In her brief the plaintiff urges:

"In the present matter, it takes little imagination to determine the relationship between operating financial statements of an apartment house and sums spent on maintenance of common areaways. Similarly the relationship between profit and loss and willingness to make expenditures for the upkeep of the common areaways is readily apparent."

Plaintiff points out that under Rule 26(b) she may examine the defendants—

"* * * *regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action,* whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, *including the existence, description, * * * custody, * * * and location of any books, documents, * * *.* It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence." (Emphasis supplied)

The inquiry permitted by Rule 26 (b) is limited only by the relevancy of the information sought to be elicited. In *United States v. Matles,* 247 F.2d 378, 383 (C.A.2d 1957) it was said in a concurring opinion that the language of Rule 26(b) is "broad enough to cover almost anything that will help the examining party to discover any leads to evidence."

It was said in *Boeing Airplane Co. v. Coggeshall,* 108 U.S.App.D.C. 106, 280 F. 2d 654, 659 (1960):

"* * * Under Rule 26(b) relevancy is defined in terms of the likelihood that useful evidence may be uncov-

ered. * * * [T]he court need not consider whether or not the papers, themselves, would be admissible in evidence. * * *"

I wholly agree with defendants that plaintiff has no right to see all of the documents or returns in question; certainly, a great part would be irrelevant. Examination and copying necessarily would be limited to the extent heretofore indicated; such documents, except as heretofore indicated, would be irrelevant for any other purpose. On the other hand, it is specifically provided in Rule 26 (b) that a party can, by discovery, including interrogatories, ascertain "the existence, description, * * *, custody, * * * and location of any books, [or] documents"; that would include such information such as plaintiff seeks.

The arguments made by defendants' attorney would be more apposite if plaintiff seeks to require defendants to produce the Income Tax Returns or other profit and loss statements. Here plaintiff only seeks to ascertain if there are such documents and to identify them. I have no questions but that plaintiff should have Interrogatory No. 16 answered. What happens thereafter need not concern me. The objection to the interrogatory is overruled. An order to that effect may be presented on notice.